THE STATE, HENRY BAYLES ET AL., PLAINTIFFS IN ERROR,
v. WILLIAM K. NEWTON, DAIRY COMMISSIONER, DE-
FENDANT IN ERROR,

1. *Held*, by Beasley, C. J. (dissenting), that the certificate of a justice, in his transcript of his docket, that the proceeding and judgment were " in the court for the trial of small causes," was absolutely conclusive, and could not, by inference, be treated as mere form.

2. *Held, further*, that when a complaint, sworn to before a justice, was endorsed by him as filed in the court for the trial of small causes, and a summons, being in the usual form, was so endorsed, and the transcript stated that the complaint was so filed, and the summons so issued, and the transcript, duly attested in the ordinary manner, certified that the procedure was in that court, and there were no adverse facts or intimations, that it must be taken as established that these certifications of these documents were true.

3. That if the court of first instance has no jurisdiction, there can be no retrial in an appellate court, and that consent cannot give jurisdiction.

On error to the Supreme Court.

For opinion of the Supreme Court, see 21 *Vroom* 549.

The action below was for a penalty of $100 under section 9 of "An act to prevent deception in the sale of oleomargarine, butterine or any imitation of dairy products, and to preserve the public health," approved March 22d, 1886 (*Pamph. L.*, *p.* 107), and for a violation of section 4 of that act.

The following is a copy of the complaint made, and a transcript from the docket of the justice of the peace:

State of New Jersey, County of Mercer, *ss.*—James H. McGuire, of full age, being duly sworn according to law, on his oath saith, that on the 19th day of October, in the year of our Lord 1886, at the borough of Princeton, in said county and state, Henry B. Bayles and Clarence B. Updike, partners, trading under the firm name of Bayles & Company, who were then the keepers of a certain grocery store situate at the borough of Princeton, in said county and state, did sell to

this deponent a certain quantity, that is to say, one-half of a pound, of a substance in imitation or semblance of natural butter, the same not being natural butter, and not produced from pure milk, or the cream from pure milk, at retail, and in a quantity less than the original tub, firkin or other package; and the said Henry B. Bayles and Clarence B. Updike, partners as aforesaid, did not, nor did either of them, first inform this deponent that said substance was not natural butter, but was imitation butter, and at the time of said sale and with said sale did not give to this deponent a card or notice, at least six inches long and four inches wide, on which was printed in black, in the English language, in letters at least of the size known as two-line English, the name of the said substance sold, and the name and address of the seller or vendor; and that said Henry B. Bayles and Clarence B. Updike, partners as aforesaid, did not, nor did either of them, at the time of said sale to this deponent, give to this deponent any card or notice of any kind or character, in violation of the provisions of section 4 of the act of the legislature of the State of New Jersey entitled "An act to prevent deception in the sale of oleomargarine, butterine or any imitation of dairy products, and to preserve the public health," approved March 22d, 1886.

JAMES H. MCGUIRE.

Sworn to and subscribed before me at Trenton, in the county of Mercer and State of New Jersey, this 24th day of November, 1886.

JESSE E. BODINE,<br>*Justice of the Peace.*

The following endorsement appears on said affidavit:

In the court for the trial of small causes. Before Jesse E. Bodine, Esq., one of the justices of the peace in and for the county of Mercer.

The following is a transcript from the docket of said justice of the peace referred to in opinion:

William K. Newton *v.* Henry B. Bayles, Clarence B. Updike, partners, } *In the Court for the Trial of Small Causes.*

The above action is brought this 24th day of November, 1886, by the above named plaintiff against the above named defendants, for a penalty of $100, under the fourth section of an act entitled "An act to prevent deception in the sale of oleomargarine, butterine or any imitation of dairy products, and to preserve the public health," approved March 22d, 1886, by reason of a violation of said section of said statute by the said defendants, in the sale of a substance in imitation or semblance of natural butter, at the time and in the manner set forth in the affidavit of James H. McGuire, filed in the above court in the above stated suit on the 24th day of November, A. D. 1886, and a summons issued in the above case by me, Jesse E. Bodine, one of the justices of the peace in and for the county of Mercer, returnable, before me, on Tuesday, the 30th day of November, 1886, at two o'clock P. M., the following return being made:

I served the within summons November 26th, 1886, on Clarence B. Updike, personally, by reading it to him, and giving him a true copy thereof. Henry B. Bayles not being found, I served it November 26th, 1886, by leaving a true copy thereof at his place of business with Clarence B. Updike, a member of the firm of Bayles & Company, whom I informed of the contents of said summons.

W. E. BRANIN, *Constable.*

At the time appointed the plaintiff asked for an adjournment till Wednesday the 8th day of December, 1886, at three P. M., which was agreed upon by the parties. Wednesday, the 8th, the parties met. James Buchanan appeared as counsel for plaintiff, and F. A. Dennis appeared as defendants' counsel; the trial proceeded, and James H. McGuire was sworn on behalf of the plaintiff and gave testimony, and also Peter L. Vandegrift was sworn for the plaintiff and gave testimony;

and Henry B. Bayles was sworn on behalf of the defendants and gave testimony ; after which I adjudged the defendants to be guilty, and convicted them of a violation of section 4 of the statute, as charged in the complaint, and adjudged them to pay a penalty of $100, together with $9.01 costs. Defendants gave notice of appeal, which was granted.

I do hereby certify that the foregoing is a correct copy of my docket.

In witness whereof, I have hereunto set my hand and seal this        day of December, A. D. 1886.

J. E. BODINE,  [L. S.]
*Justice of the Peace.*

For the plaintiffs in error, *Chauncy H. Beasley.*

For the defendant in error, *James Buchanan.*

THE CHANCELLOR.    The judgment of the Supreme Court is affirmed, for the reasons given by that court.

BEASLEY, CHIEF JUSTICE (dissenting).    As I have the misfortune to have reached a conclusion that is out of harmony with that arrived at by every other member of the court, it seems proper for me to say a few words to show that the course of reasoning I have followed is not quite so erratic as might otherwise be inferred.

The suit is for a penalty under the act regulating the sale of oleomargarine. *Rev. Sup., p.* 71.   By the tenth section of that law cognizance over the subject is vested in the district courts, in the recorders of cities, and in justices of the peace of the counties.   Complaint is to be made under oath, a summons or warrant is to be issued, testimony is to be heard, and thereupon the matter is to be decided.   By the thirteenth section an appeal is given to the Quarter Sessions.

By virtue of this statutory authority a complaint, under oath, exhibiting a forbidden sale of oleomargarine, was laid

before a justice of the peace, who was thereby empowered to proceed, in his magisterial capacity, to issue a summons and to hear and decide the case. Instead of taking this legal course, he transferred, as I think, the proceeding to the court for the trial of small causes, issued a summons out of and returnable to that court, and therein tried the case and rendered judgment.

I pause here to remark, that the judgment so entered, if I am right in concluding that it was entered in the court for the trial of small causes, was, with respect to legal quality and force, very different from the judgment or conviction that the justice was empowered by the statute to render. A judgment in the court for the trial of small causes is the judgment of a court of record, provable by its own seal, and is as conclusive in this state, and in every state of the Union, as is a judgment of the Supreme Court, or of this court. Such a judgment, by force of well known laws, can be transferred to the Supreme or Circuit Courts, and thus be made a lien upon lands. None of such attributes or faculties belong, in any degree, to the mere magisterial judgment or conviction that is authorized by the act in question.

To return to the tenor of the proceedings. From the judgment above described the defendant appealed to the Quarter Sessions, and that tribunal rendered a similar judgment; the procedure was then transferred by *certiorari* to the Supreme Court, where it was affirmed, and was thence brought by writ of error to this court.

In the Supreme Court the objection to this course of law, on the ground that the original judgment was rendered in the court for the trial of small causes, and that that court was devoid of all jurisdiction over the case, was raised and was thus disposed : " The oath"—such is the language of the opinion—" was taken before a justice of the peace, and attested by him as such ; the summons was issued to the defendants to appear before him as one of the justices of the peace of the county ; it was given under his hand and by like description ; he heard and gave judgment, signed the transcript as such

justice.    The only variation from this form is found in the endorsement of the affidavit, on the writ and at the head of the transcript, where are found the words : ' In the court for the trial of small causes, before A. B, one of the justices of the peace of the county of Mercer.'    These endorsements and the heading are but formal parts of the proceeding which are controlled by the body of the affidavit, the summons, and the entry of the judgment."

These are the entire reasons given for the conclusion that immediately follows, that this was a proceeding before the magistrate as such and not one in the court for the trial of small causes.    This court concurs in the view thus expressed.

To this conclusion I find myself unable to agree.

Upon looking into the papers before me I find they stand thus : A complaint against the plaintiffs in error for a violation of the act in question was presented to Jesse E. Bodine, one of the justices of the peace of the county of Mercer, and was sworn to before him.    It is admitted that the justice should have proceeded to cause the party so charged to appear before him as a magistrate ; but the question arises, What did he do ?    His first step was to endorse on the complaint these words : " In the court for the trial of small causes.    Before J. E. B., one of the justices of the peace in and for the county of Mercer."    He also certifies in the record, that is, in the transcript of his docket, that he filed the complaint in that court. He then issued his summons, which commanded the defendants mentioned therein to appear before him as one of the justices of the peace of the county, and which was signed by him as justice ; and these circumstances appear to be emphasized by the Supreme Court as indications that the procedure took place before the justice in his magisterial capacity.    But this, it is conceived, is plainly an error, for it is certainly undeniable that this process is an exact transcript of the form that has always been used in the court for the trial of small causes. It is to be found literally exhibited in the treatise of Mr. Griffith, published over seventy years ago, and in every book of practice since issued.    I confidently, therefore, conclude that

in the mode of this process, neither in its command, language or signature, is there even the faintest indication that it did not issue out of the court for the trial of small causes. But this is not all, for the summons is endorsed with the words "in the court for the trial of small causes," and the transcript certifies that it issued out of that tribunal. Thus far, consequently, the situation, as I think, is this: there is not a circumstance indicating that this matter was not tried in this court of record instead of before the justice magisterially, while the endorsements on the affidavits, and on the summons and the certificates in these respects contained in the transcript, show, conclusively, as it seems to me, that it was tried in that court.

But if I had been in doubt on this matter up to this point, not a vestige of such doubt would have remained in the presence of the certificate on this subject to be found on the face of the record now before me. It prefaces this opinion, and upon referring to it there will be perceived a formal declaration that the proceedings and judgment were in the court for the trial of small causes. It is the commencement of the record, and is similar to the beginning of every common law record. An exemplification of a judgment record of the Supreme Court begins in this style, and I have always supposed, though it may be mistakenly, that such certificate was incontestable; and yet it seems quite clear, that if the certificate in question in this record now before us can be obliterated, on the ground that such statements "are but formal parts of the proceeding," so may, for the same reason, the similar testimonial in the record of the Supreme Court. No one will venture to suggest that the record of the court for the trial of small causes does not stand, as a vehicle of evidence, on the same level with those of the other courts of the state; they each and all import absolute verity; and, with this fact in mind, it is impossible, for me at least, to conclude that this particular record imports, in this fundamental particular, absolute falsehood. To my mind the subject is thus presented: showing that this proceeding and judgment were in the court for the

trial of small causes, I have before me the endorsement on the complaint, the endorsement on the summons, the confirmatory statements in these respects in the transcript, and the formal statement in the record itself; and on the other side, there is not perceived any adverse fact, great or small. In fine, after examining these documents with care, I am compelled to the conclusion that this procedure, as presented by them, from its commencement to its close, considered as a procedure in the justice's court, is as technically correct as it could possibly be; considered as a procedure out of such court before the justice as such, it is as erroneous as it possibly could be. Entertaining this view, it follows, of course, that I have concluded that the original judgment in this case was rendered in the court for the trial of small causes.

As a corollary, in my opinion the entire procedure is void, as it thus originated in the air. It has no legal basis whatever. The proceeding before the court for the trial of small causes was *coram non judice*, and, consequently, a nullity. That judgment, for all legal uses, might as well have been rendered by a county constable or the town crier. If it has ever been held, from the birth of the common law to the present time, that a procedure that was *coram non judice* could be used for any legal purpose, or had, in any application, the slightest legal efficacy, I am not aware of it.

This being so, the appeal to the Sessions had no possible foundation. An appellate proceeding presupposes, and, from its nature, necessarily requires, a prior adjudication; else it becomes, obviously, an original procedure. The Sessions, by force of this act, was empowered to retry a certain class of cases; if in the eye of the law there had not been, in the given case, a previous trial, it could not perform the function with which it was vested. The Sessions is a court of criminal jurisdiction, and has no power over civil cases except when specially qualified by the legislature, and the only power that was given to it by the act in question was to hear and decide certain matters that had been heard and decided by a justice sitting magisterially; it was not authorized to hear any case originating in

the court for the trial of small causes; when, therefore, the Sessions adjudicated in the present matter, such act was void, as the case, again, was *coram non judice.* I do not think it has ever been maintained, or imagined, that an appellate court could entertain a case originating in a court destitute of jurisdiction.

It seems scarcely necessary to supplement the foregoing exposition of the view taken by me of this subject, with the remark that it is conceived to be entirely plain that the silence of the plaintiff in error, in the court for the trial of small causes, and, possibly, in the Sessions, with respect to the jurisdiction assumed by them, cannot in any degree affect his right to interpose that objection in this tribunal. It is the trite rule that judicial jurisdiction cannot be derived from the conduct or consent of parties, either express or implied. The principle is thus expressed in the opinion read in the Supreme Court, in the case of *School Trustees* v. *Stocker,* 13 *Vroom* 117. "The question," says the court, "therefore, is as to the jurisdiction of the court below over the subject matter of this suit. This kind of jurisdiction cannot be conferred by consent, nor can the right to object to the want of it be lost by acquiescence or neglect. A judgment pronounced by a tribunal having no authority to determine the matter in issue, is necessarily and incurably void, and may be shown to be so in any collateral or other proceeding in which it is drawn in question. * * * When the tribunal has no jurisdiction over the subject matter, no amount of proof can alter the case. * * * Neither the acquiescence of the parties nor their solicitations can authorize any court to determine any matter over which the law has not authorized it to act."

For these reasons, I vote to reverse the judgment now before us.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, GARRISON, MAGIE, VAN SYCKEL, BROWN, CLEMENT, COLE. McGREGOR, SMITH, WHITAKER. 12.

*For reversal*—BEASLEY, CHIEF JUSTICE.